THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JORGE TORRES GARCÍA, Defendant and Appellant.

No. CR-65-205.     Decided February 9, 1966.

*Román Santos Isaac* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was charged with possessing, selling, concealing and transporting the narcotic drug known as heroin. A special agent of the Bureau of Beverages of the Treasury Department testified that on July 8, 1963, he visited a sector of Hato Rey known as Relincho in the company of an informer named Gustavo A. Berríos. On one of the streets of that ward they came across defendant who was with Ernesto Ramos González. The agent had frequented that sector on other occasions. The informer asked defendant if he could sell him half a package. The latter answered that only a whole package. The agent asked defendant the price of a package (he referred to heroin) and the latter answered $60. He agreed to buy it and defendant sent the person who was with him to get it. When he returned he handed it directly to the agent. The latter paid $60 to defendant.

The agent delivered the package containing 24 decks to his supervisor, who sent it to the chemist for analysis. It was found to be heroin.

At defendant's request the charge of concealment and transportation was dismissed. Having been convicted of possessing and selling, he was sentenced to serve from 7 to 10 years on each count, to be served concurrently in their minimum and consecutively in their maximum terms.

He assigns ten errors in support of his appeal. (1) He alleged that the presiding judge unduly intervened with prosecution witness José Luis Vizcarrondo Figueroa and with defendant. There is nothing in the record to sustain appellant's contention. The judge's interventions, which were in fact limited, did not prejudice defendant at all.

(2) On cross-examination by the defense, the agent said that the informer who was with him when he purchased the

drug from defendant was imprisoned in the United States for a violation of the drugs act. Upon hearing this, appellant's attorney commented, "that is, if he should take the witness stand, he would be impeached for being convicted of felony." The judge then called the district attorney's attention saying, "District attorney, what are you doing there?" Appellant believes that this prejudiced him as being an undue intervention of the judge in the prosecution. Independently of which ought be the judge's attitude, the fact is that the district attorney said that he had no objection, and the incident ended there.

This incident, far from prejudicing appellant, benefited him since the fact that the informer was in prison for drugs was brought to the jury's consideration.

(3) In his testimony the special agent made reference to the informer. The judge asked the witness what is meant by an informer, to which the agent answered, "An informer is one engaged in making out cases for money, and since he is already known for . . . ." Thereupon the defense commented, "to make out cases for money," and the judge then said, "Will the colleague be seated." Appellant maintains that that incident prejudiced him, since "the unequivocal impression of that order was to coerce and scare the defense in its endeavor to determine any aspect of a testimony which may be favorable to defendant's interests." It was expressly made clear what the witness meant to say by the phrase which the defense picked out in order to convey to the jury an erroneous expression to the effect that an informer is one who "fabricates cases" for money. Indeed, it was the judge's duty to clarify that situation and not to permit the jury to be impressed by baseless comments.

(4) In his testimony defendant, as well as a witness produced by him, established his good character in the community. The district attorney offered the testimony of a

colleague district attorney to overcome defendant's evidence. He took the witness stand and, after testifying that he knew the defendant, the defense objected and requested that the jury be withdrawn for the purposes of a contention. It was withdrawn and the judge finally sustained the defense, but the latter alleged that the district attorney's statement that he knew the defendant prejudiced him. The assignment is frivolous.

■ (5) In his instructions to the jury the judge said that "in this particular case there are two completely opposing theories: one, which *is sustained by the prosecution evidence*, that there was a certain transaction of the narcotic drug known as heroin; the other, that defendant had nothing to do nor was connected with the transaction." (Italics ours.)

The defense invited the judge's attention to the fact that in his instructions, because of their weight, the judge was telling the jury that the district attorney's theory was supported by the prosecution evidence. The judge then made it clear to the jury that "he wished to say that if the court instructed them that the district attorney's theory was supported by the evidence and I used that tense of the verb, I may say that it was not my intention nor my opinion, but that I should have told you, or 'attempted to support his theory with such and such witnesses.'"

Any prejudice which the first instruction may have caused was cured by the court in its additional instructions. Moreover, when the judge first instructed them he said that it was not "possible to reconcile those two completely opposing and conflicting theories, and you must therefore decide which of the two testimonies offered deserves credit and which does not deserve it, before passing upon the innocence or guilt of defendant."

■ (6) At the close of his instructions the judge said to the jury, "I am going to ask the gentlemen of the jury to be careful how you handle these envelopes, that none of them is lost, and that you do not contaminate your hands."

The defense alleged that the last part prejudiced appellant. It did not prejudice him, since the defense at no time alleged that the envelopes offered did not contain heroin. The defense evidence consisted in denying that defendant had anything to do with the facts which gave rise to the information.

■ (7) The defense maintains that it was error not to call informer Gustavo A. Berríos as a prosecution witness. The People was not bound to produce him. It gave his name and it appeared that he was in prison in the United States. The defense never requested to bring him as a witness. *People v. Flores Berty*, 92 P.R.R. 562 (1965).

(8) The evidence presented in support of the information established the possession and sale by appellant.

■■ (9) Appellant's objections to the sentences imposed are without merit. The court was bound by law to impose indeterminate sentences. We have already held that a person convicted of a violation of the Narcotics Act has the right to have his case considered by the Parole Board once he has served the minimum term. *Cabán Torres* v. *Delgado, Warden,* 92 P.R.R. 506 (1965).

(10) The sentences imposed are not excessive.

None of the errors assigned having been committed, the judgment appealed from will be affirmed.